# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATEA ELAINE FAULKNER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-05949-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for a period of disability, disability insurance benefits, and supplemental security income benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issue. This matter is now ready for decision.

## BACKGROUND

On September 20, 2013, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income benefits, alleging disability beginning July 27, 2013. (Administrative Record ("AR") 195-200.) Plaintiff's application was denied initially and on reconsideration. (AR 117-118, 151-152.) A hearing took place on February 25, 2016 before an Administrative Law

Judge ("ALJ"). (AR 42-80.)

On March 18, 2016, the ALJ issued a decision finding that Plaintiff suffered from the following severe impairments: degenerative disk disease, osteoarthritis, myofascial pain syndrome, and bipolar disorder. (AR 26.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b). (AR 29.) The ALJ found that Plaintiff was able to climb ramps and stairs, balance, stoop, kneel, crouch, and handle and finger with the right upper extremity; occasionally crawl and climb ladders and scaffolds; and Plaintiff's ability to understand, remember and carryout instructions was limited to simple and routine tasks. (*Id.*) Given the foregoing RFC, the ALJ found that Plaintiff was incapable of performing her past relevant work. (AR 33.) However, based upon the testimony of a vocational expert, the ALJ found that Plaintiff's RFC did not prevent her from performing other jobs that exist in significant numbers in the national economy. (AR 34.) Thus, the ALJ concluded that Plaintiff was not disabled at any time from July 27, 2013 to the date of the decision. (AR 35.) The Appeals Council denied Plaintiff's request for review (AR 1-7), rendering the ALJ's decision the final decision of the Commissioner.

After the ALJ's unfavorable decision, Plaintiff filed a new claim for disability. On December 5, 2017, the Social Security Administration granted Plaintiff's subsequent claim and found her disabled as of March 19, 2016. (ECF No. 24-1.)

**DISPUTED ISSUE**

Whether the Court should remand the Commissioner's final decision under sentence six of 42 U.S.C. §405(g) based on the grant of benefits under the subsequent application.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v.*

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*Id.*) This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. (*Id.*) Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Pursuant to sentence six of 42 U.S.C. § 405(g), the Court may order a remand based on new evidence, but only upon a showing that the evidence is "material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." New evidence is material when it "'bear[s] directly and substantially on the matter in dispute,'" and if there is a "'reasonable possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). Thus, to be material, the evidence must relate to the period on or before the date of the ALJ's decision of March 18, 2016.

Plaintiff relies primarily on *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) − arguing that because the Administration found Plaintiff's disability onset date to be one day after the ALJ's unfavorable decision, the favorable decision constitutes new and material evidence warranting a remand. In *Luna*, after an ALJ denied a claimant's application for disability benefits, the claimant subsequently filed a second, successful application. *Luna*, 623 F.3d at 1033. The Commissioner found the claimant's disability onset date to be the day after the first application was denied.

*Id.* The Ninth Circuit held that the subsequent finding of disability suggested that the Administration had considered new and material evidence "because it commenced at or near the time [the claimant] was found not disabled based on the first application." *Id.* at 1034.

Plaintiff interprets *Luna* as holding that a subsequent favorable decision, by itself, constitutes new and material evidence. However, that is not the case where the subsequent application is granted based on different evidence, not applicable to the first application. *See Bruton*, 268 F.3d at 827 (subsequent favorable decision was not inconsistent with prior decision to deny benefits where the second application involved "different medical evidence, a different time period, and a different age classification"). In those circumstances, "the initial denial and subsequent award [are] easily reconcilable on the record before the court." *Luna*, 623 F.3d at 1035; *see also Walters v. Colvin*, 213 F. Supp. 3d 1223, 1229 (N.D. Cal. 2016) ("In *Luna*, the Ninth Circuit did not necessarily hold that the second agency decision awarding benefits constituted new evidence itself.").

In analyzing Plaintiff's first application, the ALJ noted that, despite Plaintiff's bipolar disorder, the medical evidence revealed a "substantially functional lifestyle" and a "consultative examiner observed [Plaintiff] as 'pleasant' and cooperative." (AR 31, 654.) Outside of consultative examinations, Plaintiff was described as pleasant, cooperative, and calm. (AR 31, 387, 397, 417, 443, 731, 733.) Although Plaintiff sometimes had an irregular mood, she was far more often observed as having a regular mood and her sleep disturbances caused by her bipolar disorder were resolved with treatment. (AR 73, 383, 420, 575, 656, 733, 736-737.)

On the other hand, Plaintiff's second application involved different medical evidence that was relevant to the time *after* the ALJ's March 18, 2016 decision. This evidence shows that Plaintiff's mental condition clearly deteriorated after the ALJ's decision: In September 2017, it was reported that Plaintiff "responds aggressively and impulsively when interacting with others" and displays "aggressive and hostile

4

communication, depressive and irritable mood, feelings of hopelessness, [was] isolative, hyper-verbal, tearful, difficulty concentrating and recurrent thoughts of death/suicidality." (ECF No. 26-1 at 10[1].) Plaintiff also "[c]alled police after not being able to sleep" and claimed she "wanted to do some self-harm so her sister can see how 'sick she is.'" (*Id.*) While at the time of the ALJ's March 2016 decision, there had not been recent hospitalizations, Plaintiff was hospitalized three times in the following year: on 01/06/17 for suicidal ideations ("SI"), on 02/27/17 for SI, and on 09/18/17 for depression and SI. (*Id.* at 9-11.) Further, in 2017, Plaintiff was homeless and living in her car. "[A]lthough records in file show her having lived with [her] sister . . . but this has been a very fraught relationship, often leading to hospitalization." (*Id.* at 11.) Further, the consultative examiner concluded in December 2017 that while "there are periods where [Plaintiff] is quite pleasant and cooperative . . . [h]er social functioning has definitely deteriorated since the ALJ opinion." (*Id.*)

This evidence shows that the second application was granted because Plaintiff's condition had worsened since the ALJ's decision. Therefore, the initial denial and the subsequent award are clearly reconcilable, and the subsequent award does not provide a ground for a remand. *See Sarkiss v. Colvin*, 623 F. App'x 329 (9th Cir. 2015) (affirming denial of benefits where subsequent award was based on a different evidence and a different time period and was easily reconcilable); *Ferrando v. Comm'r of Soc. Sec. Admin.*, 449 F. App'x 610, 611 (9th Cir. 2011) (initial denial and subsequent award were reconcilable where "the subsequent application . . . involved different medical evidence and a different time period").

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] ECF No. 26-1 is a "Disability Determination Explanation" relating to Plaintiff's subsequent application that was prepared by state agency consulting physician S. Regan, M.D.

5

IT IS THEREFORE ORDERED that Judgment be rendered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:   8/15/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE